HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PORT OF RIDGEFIELD,<br><br>                Plaintiff,<br>     v.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>                Defendant. | CASE NO. C14-6024 RBL<br><br>ORDER ON PORT'S MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>[Dkt. # 93] |

THIS MATTER is before the Court on the Port's Motion for Partial Summary Judgment on Union Pacific's counterclaims. [Dkt. # 93] Union Pacific claims that, through its efforts to undermine a cash-out consent decree settlement between Union Pacific and Ecology, the Port breached two contracts between the parties: the Funding and Participation Agreement, and the Purchase and Sale Agreement. It also claims the Port breached the duty of good faith and fair dealing inherent in those contracts[1]. [*See* Dkt. # 56].

---

[1] Union Pacific also seeks a declaratory judgment that it owes the Port nothing for any remedial action costs under MTCA, but that counterclaim (# 3) is not a subject of this motion.

1        The Port seeks summary judgment on these counterclaims, arguing that even if they otherwise had merit, Union Pacific has failed to produce any evidence of damages it incurred as the result of any breach.

       The Port demonstrates that it propounded discovery seeking evidence supporting Union Pacific's damage claim, and that Union Pacific provided only a bill for its attorneys' fees related to the failed Ecology settlement. (Union Pacific also suggests that it seeks the fees and costs it incurred in this litigation). The Port argues that such fees are not recoverable as damages for a breach of either contract as a matter of law.

       Union Pacific disputes that its counterclaims (and its damages) are so limited. It claims it seek damages *and* injunctive relief, because the Port reneged on its promise to support and cooperate with Union Pacific's effort to negotiate a *de minimus* settlement with (and to obtain a "comfort letter" from) Ecology, and instead actively undermined those efforts. It emphasizes that Ecology did not name it a PLP until 2013, after the Port had obtained most of the grant money and after the cleanup was almost complete. It seeks to enjoin the Port from further interference with the roughly $2.3 million settlement Union Pacific tentatively reached with Ecology, and claims as damages all amounts it has or will spend above that amount. Union Pacific also argues it seeks as damages the fees it spent on the failed settlement; it does not seek (as damages) the fees it incurred in *this* case. And it points out that a lack of actual damages is not necessarily fatal to a breach of contract claim in any event, because nominal damages are available.

       The Port responds that attorneys' fees are not recoverable absent a contract, statute, or equitable exception to the American Rule, wherever or whenever they were incurred. It also argues that Union Pacific's Response includes its first reference to seeking equitable relief as a remedy for its breach of contract (or derivative "breach of good faith and fair dealing") claims.

Union Pacific's Amended Answer seeks "damages in an amount to be proven at trial." It does not seek an injunction or other equitable relief. [Dkt. # 56 at 10-13]. The Port also demonstrates that Union Pacific's discovery responses similarly do not articulate a claim for injunctive or other equitable relief.

**A. Summary Judgment Standard.**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323-24. There is no requirement that the moving party negate elements of the non-movant's case. *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990). Once the moving party has met its burden, the non-movant must then produce concrete evidence, without merely

relying on allegations in the pleadings, that there remain genuine factual issues. *Anderson*, 477 U.S. 242, 248 (1986).

**B. Attorneys' Fees.**

Attorneys' fees are generally not recoverable as damages absent a contract, a statute, or a recognized equitable exception to the otherwise-applicable "American Rule," under which each side pays its own attorneys' fees, regardless of which side prevails. *See* for example *Blueberry Place Homeowners Ass'n v. Northward Homes, Inc.*, 126 Wash. App. 352, 358, 110 P.3d 1145, 1149–50 (2005):

> The rule in Washington is that absent a contract, statute or recognized ground of equity, attorneys' fees will not be awarded as part of the cost of litigation. *Pennsylvania Life Ins. Co. v. Dep't of Employment Sec.,* 97 Wash.2d 412, 413, 645 P.2d 693 (1982); *Tradewell Group, Inc.,* 71 Wash.App. at 126, 857 P.2d 1053.
>
> One common recognized equitable basis is equitable indemnity, or the "ABC rule":
>
> Under this theory, "where the acts or omissions of a party to an agreement or event have exposed one to litigation by third persons—that is, to suit by third persons not connected with the initial transaction or event—the allowance of attorney's fees may be a proper element of consequential damages." *Armstrong Const.* (internal citation omitted). "When the natural and proximate consequences of a wrongful act of A involve B in litigation with others, B may as a general rule recover damages from A for reasonable expenses incurred in that litigation, including attorney's fees." *Dauphin v. Smith,* 42 Wash.App. 491, 494, 713 P.2d 116(1986).

*Blueberry Place* at 1145.

Union Pacific does not rely on this specific equitable theory, and its claim does not fit neatly into this ABC pattern. And it does not cite any on-point case for its claim that the attorneys' fees it spent pursuing the failed settlement with Ecology are recoverable consequential damages arising from the Port's breach of its agreement to support that settlement. But the entire nature of the MTCA bench trial is to determine each party's "equitable share" of the site clean-

up costs. The Court is not prepared to rule as a matter of law that the amounts spent on the failed settlement—which Union Pacific claims the Port expressly agreed to support, and which the Port claims Union Pacific wrongfully sought to accomplish in secrecy—should not be factored into the equation. The Motion for Summary Judgment on Union Pacific's counterclaims on this basis is DENIED.

**C. Evidence of Actual Damages.**

Aside from the fees, the Port claims that that Union Pacific has failed to provide evidence of its claimed breach of contract damages in response to straightforward discovery seeking just that. Union Pacific argues that the damages it suffered as the result of the Port's breaches are whatever amount it will have to pay in excess of the failed settlement amount (just short of $2.3).

But the mechanism through which it would be obligated to pay any additional sums—the Port's MTCA contribution claim in this case—is itself an evaluation of each parties' equitable share of the cleanup. If the Court determines that Union Pacific's equitable share is more than the proposed settlement amount, it would not make sense to then re-balance that equitable share based on a breach of contract counterclaim. The Port's contractual obligations, and the parties' respective actions surrounding Union Pacific's tentative settlement, will be factored into the equitable calculation of each party's fair share. The Court will not do a post-calculation re-adjustment based on the counterclaim. The Port's Motion is to that extent, GRANTED, but that does not mean that the contract(s) are not relevant.

Similarly, as to any additional claimed damages which have not been supported in discovery, as an evidentiary matter the Court is quite likely to exclude evidence that was not disclosed. But that is an evidentiary matter, not a pre-trial ruling as matter of law. The Port's Motion on this point is DENIED.

**D. Injunctive Relief.**

Union Pacific's Counterclaim does not seek injunctive or other equitable relief. Its Response to the Motion argues that it seeks to enjoin "further interference" with the ecology settlement. It is unclear how that would work, given that the settlement is apparently dead and the MTCA contribution action that it would have precluded (this case) is proceeding to trial in November. Because it was not pled, and because it is not viable even if it was, the Port's Motion for Summary Judgment on any claim for equitable relief is GRANTED.

IT IS SO ORDERED.

Dated this 17th day of September, 2018.

Ronald B. Leighton
United States District Judge