HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PORT OF RIDGEFIELD, a Washington municipal corporation

    Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY, a Delaware corporation,

    Defendant.

Case No. 3:14-cv-6024- RBL

ORDER DENYING THE PORT OF RIDGEFIELD'S MOTION FOR RECONSIDERATION

THIS MATTER is before the Court on to Plaintiff and Counter-Defendant Port of Ridgefield's Motion for Reconsideration (Dkt. 172) of the Court's Findings of Fact and Conclusions of Law (Dkt. 170) and Judgment (Dkt. 171) following the bench trial occurring in this litigation from November 26 to December 19, 2018.

The Court has considered the testimony and evidence admitted at trial, the pleadings and files in this litigation, the Port's Motion and supporting Declaration (Dkt. 173), and Defendant and Counter-Claimant Union Pacific Railroad's Response to the Port's Motion for Reconsideration, filed herewith,

Accordingly, IT IS HEREBY ORDERED that the Port's Motion is DENIED.

The Port's Motion does not assert new facts or new law, and fails to demonstrate "manifest error" required for reconsideration under Local Civil Rule 7(h) or alternation or

ORDER DENYING THE PORT OF RIDGEFIELD'S MOTION
FOR RECONSIDERATION
(Case No. 3:14-cv-6024- RBL) – 1

amendment of a judgment under Federal Rule of Civil Procedure 59(e), upon which the Motion relies. Instead, the Port's Motion seeks to re-litigate issues addressed at trial, and asks the Court to rethink its findings and adopt a different interpretation of the record, which are not appropriate on reconsideration. *Rodgers v. Berryhill*, No. C17-5476-JPD, 2018 WL 513633, at *1 (W.D. Wash. Jan. 23, 2018) (*citing Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) and *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003)); *Brewster v. Wachovia Mort.*, No. 11-CV-5597 RBL, 2012 WL 2456680, at *1 (W.D. Wash. June 27, 2012), *affirmed*, 699 Fed.Appx. 705 (9th Cir. 2017).

The Port's claim that it was "manifest error" for the Court to conclude that Union Pacific must pay Ecology $2,264,037 and that those funds should, instead, be diverted to the Port ignores the evidence at trial and misconstrues this Court's findings and conclusions, including the Court's conclusion that "the Port cannot recover from Union Pacific in this MTCA contribution action" (Dkt. 170 at 33:7–34:5), and the Court's judgment that "Union Pacific has no liability to the Port for any remedial action costs that Plaintiff has incurred, or will incur, at the Site," (Dkt. 170 at 34:3–5, Dkt. 171).

The Court carefully considered the testimony and exhibits admitted into evidence during the lengthy and comprehensive trial of this matter. The Port's Motion demonstrates no manifest error in the Court's Findings of Fact and Conclusions of Law and Judgment. Accordingly, the Port's Motion is DENIED.

SO ORDERED.

Dated this 11th day of March, 2019.

Ronald B. Leighton
United States District Judge